UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CATHY L. COLBERT,<br><br>                Plaintiff,<br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                Defendant. | Case No. 3:10-cv-05665-BHS-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 6, 2011 |

      This matter is before the Court on plaintiff's filing of a motion for an award of attorney's fees, expenses and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). After reviewing plaintiff's motion, defendant's response to that motion, plaintiff's reply thereto, and the remainder of the record, the undersigned submits the following Report and Recommendation for the Court's review.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

      On December 21, 2010, plaintiff filed her opening brief in this matter. <u>See</u> ECF #15. On February 28, 2011, a stipulated motion for remand to conduct further administrative proceedings

REPORT AND RECOMMENDATION - 1

was filed with the Court. See ECF #19. On March 4, 2011, the undersigned issued a Report and Recommendation, recommending that the stipulated motion be granted (see ECF #20), which the Court adopted on March 11, 2011 (see ECF #21). Plaintiff now seeks an award of attorney's fees, expenses and costs pursuant to the EAJA, which defendant opposes on the grounds that the attorney's fees being requested are not reasonable.

Specifically, defendant argues the time spent by plaintiff's counsel preparing the opening brief was not reasonable, given that it for the most part was a revision and slight expansion of the brief plaintiff submitted to the Appeals Council during the administrative proceedings. Plaintiff argues the amount of time spent preparing the opening brief was reasonable, in light of the lack of experience plaintiff's counsel has in handling Social Security cases. For the reasons set forth below, the undersigned finds that while the amount attorney's fees requested should be reduced, they should not be reduced to the extent argued by defendant.

## DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to be eligible for attorney's fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney fees unjust. Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 158 (1990). Defendant does not contest plaintiff's status as a prevailing party here, nor has he argued

REPORT AND RECOMMENDATION - 2

that his position in this case was substantially justified or that special circumstances exist making an award of attorney fees unjust. Defendant also does not contest plaintiff's request for expenses and costs made pursuant to the EAJA.

Before awarding attorney's fees pursuant to the EAJA, the Court must determine whether the attorney fees being requested are "reasonable." Jean, 496 U.S. at 161; see also 28 U.S.C. § 2412(d)(1)(A) ("'fees and other expenses' includes . . . reasonable attorney fees"). The test to be used in determining what attorney fees are reasonable was set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983), which dealt with recovery of attorney's fees under 42 U.S.C. § 1988. That test "also is applicable to awards of fees under the EAJA." Sorenson v. Mink, 239 F.3d 1140, 1145 n.2 (citing Jean, 496 U.S. at 161 (stating once private litigant has met eligibility requirements for EAJA fees, district court's task of determining what fee is reasonable is essentially same as that described in Hensley)); see also Haworth v. State of Nevada, 56 F.3d 1048, 1051 (9th Cir. 1995) (noting case law construing what is "reasonable" fee applies uniformly to all federal fee-shifting statutes) (quoting City of Burlington v. Dague, 505 U.S. 557, 562 (1992)).

In determining "the amount of a reasonable fee," the "most useful starting point" for the Court "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. To that end, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Id. "Where the documentation of hours is inadequate," though, the Court "may reduce the award accordingly." Id. The Court also "should exclude from this initial fee calculation hours that were not 'reasonably expended,'" and the prevailing party's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Id. at 434.

"The product of reasonable hours times a reasonable rate," however, "does not end the

REPORT AND RECOMMENDATION - 3

inquiry." Id. Rather, the district court also must consider "the important factor of the 'results obtained.'" Id. That is, did the prevailing party "achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id. The Supreme Court went on to state:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

Id. Even so, as noted above, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Id. at 437.

The district court "has discretion in determining the amount of a fee award." Id.; see also Oklahoma Aerotronics, Inc. v. United States, 943 F.2d 1344, 1347 (D.C. Cir. 1991) (decision on how much to trim from claim for fees is committed to district court's discretion) (citing Pierce v. Underwood, 487 U.S. 552, 571 (1988)). However, the district court must "provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437. Decisions from other district courts concerning the reasonableness of the number of attorney's fee hours charged to the government provide some guidance.[1]

The determination as to which hours were reasonably expended, however, "must be made in the context of the specific case," and "what is reasonable in one case may be unreasonable in another." Bunn, 637 F.Supp. at 469-70 (reasonableness depends on complexity of case, number

---

[1] For example, some decisions indicate that for social security cases, "compensated hours generally range from" 20 to 40. DiGennaro v. Bowen, 666 F.Supp. 426, 433 (E.D.N.Y. 1987); Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 and n.2 (C.D. Cal. 2000) (finding 33.75 hours claimed to be spent reasonable and noting in general approved range of between 20 and 46 hours for services performed before district court); Bunn v. Bowen, 637 F.Supp. 464, 470 (E.D.N.C. 1986) (stating that never before had 51 hours of compensable time been claimed before it in social security cases). In contrast, the District Court for the Eastern District of Wisconsin has awarded EAJA attorney's fees based on hours claimed in the range of 38 to 67. Wirth v. Barnhart, 325 F.Supp.2d 911, 914 (E.D. Wis. 2004).

REPORT AND RECOMMENDATION - 4

of reasonable strategies pursued, and responses necessitated by opponent's tactics) (citing Ramos v. Lamm, 713 F.2d 546, 554 (10th Cir. 1983)).  In addition, the district court "must 'weigh the hours claimed against [its] own knowledge, experience, and expertise of the time required to complete similar activities.'" Id. at 470 (quoting Johnson v. Georia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974)).

  Where the issues addressed in the prevailing party's briefs "were complex, of some considerable length, or the law was in flux," a significant "expenditure of time might well be justified." Id.; see also Patterson, 99 F.Supp.2d at 1213 (finding that presentation of plaintiff's claims required significantly more factual development and legal analysis than was required at administrative level and that case raised some issues that were not routine); DiGennaro, 666 F.Supp. at 433 (stating district court may adjust fee based on novelty and difficulty of questions considered).  One district court also has noted that "[s]ocial security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." Patterson, 99 F.Supp.2d at 1213.  Also, other "special factors" may "justify granting an award for a greater than average number of hours." DiGennaro, 666 F.Supp. at 433 (noting, for example, that nature of plaintiff's disability in that case required additional time for telephone communications, counsel were brought in only at district court level years after claim was instituted on *pro se* basis requiring review of numerous documents and transcripts, and counsel needed to reconstruct and supplement medical evidence from examinations conducted eight years earlier due to ALJ's failure to do so).

  In the original time itemization statement plaintiff submitted, a total of 34.2 hours of time is being claimed, of which 30.2 hours are alleged to have been spent preparing the opening brief. See Tr. 24.  As noted above, defendant argues this latter amount is not reasonable, given that the

REPORT AND RECOMMENDATION - 5

opening brief is substantially similar to the brief plaintiff submitted to the Appeals Council, that the transcript in this case was not particularly large, and that plaintiff's counsel is experienced in handling Social Security cases.  But while it is true that the opening brief contains arguments and language similar what is contained in the Appeals Council brief (see ECF #14 (Tr. 186-99), #15), as plaintiff notes, the type of argument – as well as the legal authority relied on –presented at the federal court level is not necessarily the same as that required below.

In addition, although it also may be true that the transcript is not particularly large in this case (see ECF #14), that alone is not reason enough to reduce the total amount of time spent on the opening brief from 30.2 hours to the 10 hours defendant argues is a more reasonable figure.  As plaintiff points out, furthermore, this was plaintiff's counsel's first Social Security case that he handled in federal court, and so he cannot in any reasonable sense of the word be deemed to be "experienced" in such cases.  On the other hand, this latter fact is not a proper basis on which to claim a larger attorney's fees award.  That is, the government should not have to assume the additional expense necessitated by plaintiff's counsel's relative inexperience.

While plaintiff is correct that as noted above, other courts have found a total of 20 to 40 hours to be a reasonable amount of time spent handling a Social Security case in federal court, that generally is true only for cases in which the issues presented have been fully presented and the matter has been dealt with on the merits.  Such has not occurred here, as plaintiff was able to obtain remand after only filing the opening brief.  Rather, weighing "'the hours claimed against [her] own knowledge, experience, and expertise of the time required to complete similar activities,'" the undersigned finds a total of 24 hours is a more reasonable figure for plaintiff's counsel to have spent preparing the opening brief. Bunn, 637 F.Supp. at 470 (quoting Johnson, 488 F.2d at 717.

REPORT AND RECOMMENDATION - 6

Accordingly, the undersigned finds the number of hours claimed should be reduced by a total of 6.2 hours, which results in a reduction of total hours from the original 34.2 requested down to 28.0.  In addition, plaintiff requests a total of 0.8 hours for drafting documents related to her EAJA motion, which is included as part of the original itemized billing statement (see ECF #24), along with an additional 2.4 hours for the same (see ECF #30-1).  Plaintiff is entitled to the full amount of attorney's fees incurred in litigating the attorney's fees issue.  See Love v. Reilly, 924 F.2d 1492, 1497 (9th Cir. 1991) ("[U]nder the EAJA, the prevailing party is automatically entitled to attorney's fees for any fee litigation once the district court has made a determination that the government's position lacks substantial justification."); see also Real Property Known as 22249 Dolorosa Street, 190 F.3d at 985.  The amount of time being requested here does not seem to be unreasonable, and therefore it should be granted in full.  Accordingly, the total amount of attorney's fees plaintiff should be awarded is $5,321.82.[2]

## CONCLUSION

Based on the foregoing discussion, the Court should grant plaintiff's request for EAJA attorney's fees in the amount of $5,321.82, $28.83 in expenses and $15.20 in costs.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is

---

[2] Plaintiff originally requested a total of $5,987.05 in attorney's fees for, as noted above, 34.2 hours of work done in 2010 and 2011. See ECF #24.  Defendant does not challenge the billing rate used by plaintiff for those years.  Thus, when the number of hours of work performed by plaintiff's counsel is reduced to 28.0 as discussed above, the total amount of attorney's fees awarded is recalculated as follows: $5,987.05 - $1,085.37 ($175.06 x 6.2 hours) + $420.14 ($175.06 x 2.4 (additional time spent drafting documents related to EAJA motion)) = $5,321.82.

REPORT AND RECOMMENDATION - 7

directed set this matter for consideration on **May 6, 2011**, as noted in the caption.

DATED this 18th day of April, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8